O’NIELL, J.
[1] Defendant appeals from a judgment enforcing an alleged agreement *1025 on the part of defendant to sell to plaintiff a ' tract of timber land containing 280 acres, at the price of $16 per acre. The agreement of sale, dated October 21, 1919, was made by the Molard Land Company, acting as defendant’s agent. The only evidence of authority on the part of the Molard Land Company to bind defendant to sell any particular part of the land owned by him, consisting of 2,880 acres in the Parishes of Avoyelles and St. Landry, was a letter dated July 10, 1919, of which the following is a copy:
“Indianapolis, July 10, 1919.
“The Molard Land Company, Alexandria, La. —Gentlemen: Your kind favor of July 8th is before us and we are glad to learn that the heavy rains seem to have come to a stop.
“Regarding the showing of the Thos. C. Day j lands in Avoyelles parish and the northern part of St. Landry, will say that we would be glad to have you interest purchasers in theim. We wish you to understand, however, that other parties are looking at these lands. You do not tell us to what particular piece of the holdings you refer.
“Regarding the price, will say that the figure named for all these holdings has been $15.-00, and where parts of the lands were taken we have named $16.00 as the price. In fact, we quoted this on a separate piece day before yesterday.
“We will be glad to hear from you again about this matter and in the meantime we are, with kind regards,
“Very truly yours,
“[Signed] Thos. C. Day & Co.”
Plaintiff did not offer in evidence the letter dated July 8th from the Molard Company to Thomas C. Day, or to Thomas C. Day & Co., in answer to which the above-quoted letter was written by Thomas C. Day & Co., to the Molard Land Company. The latter letter, however, shows that the Molard Company did not ask Thomas C. Day or his company to quote the price on any particular or specified tract of land; and it shows that Thomas C. Day or his company did not quote a price on any particular or specified tract of land. The sum and substance of the letter was that Thomas C. Day & Co. would be pleased to have the Molard Land Company interest purchasers in the lands owned by Thomas C. Day or his company in the Parishes of Avoyelles and St. Landry; that Thomas C. Day & Co., had quoted all of the holdings at $15 per acre, had accepted $16 an acre for parts of the land, and had quoted that price on a separate piece of the land two days before the letter was written; and that the writer would be pleased to hear from the Molard Land Company again about the matter. Such a letter cannot be construed as fixing the price at which the writer would be bound to sell any part or parts of the land which the party addressed might select or see fit to buy. On the contrary, the full purport and tone of the letter was that the writer desired to know what particular part of the land it was on which the Molard Land Company desired to have the price fixed or quoted.
It appears that the particular tract of land, containing 280 acres, which the Molard Land Company undertook to sell to plaintiff, under authority of the letter quoted above, belonged entirely to Thomas C. Day. The Molard Land Company thought the land belonged to the Union Land & Timber Company, of which Thomas C. Day was president. The Molard Company, therefore, made the contract for the sale of the land as agent for the Union Land & Timber Company, and received from plaintiff a check for $200, payable to the Union Land & Timber Company, to be credited on the price of the sale. It was stipulated in the contract that the balance of the price should be paid whenever the seller would execute a deed of sale and furnish an abstract of title.
[2] On receipt of a letter from the Molard Land Company, inclosing the check for $200, Thomas C. Day, replied, in a letter dated September 30, 1919, that he would call together his associates and submit the proposition to them. He called the Molard Land *1027 Company’s attention to the fact that -he had not fixed or quoted a price on any specified part of the 2,880 acres of land owned by him and his associates. T-wo days later, Thomas C. Day & Co. sent a telegram to the Molard Land Company, asking whether plaintiff would take the remaining 2,600 acres of land at the price offered for the 280 acres, and saying that Thomas C. Day & Co. expected to have a proposition from a party in Chicago to buy all of the land. They requested an answer by wire. On the next following day, not having received a reply to the telegram, Thomas C. Day wrote the Mo-lard Land Company that he had sold all of the 2,880 acres of land to the Chicago party, and he therefore returned the check for $200.
The attorneys for appellee put great stress upon the fact that defendant, in his letter to the Molard Land Company, dated September 30, 1919, acknowledging receipt of the letter inclosing the check for $200, referred to the check as “for $200 earnest money.” The answer to that argument is that defendant did not accept the check as earnest money. His describing the check as one which was sent to him- as earnest money was not an acknowledgment that the Molard Land Company had had authority to accept it as earnest money.
The judgment appealed from is annulled, and the suit is dismissed, at plaintiff’s cost.